IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOBBY B.,[1]

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

3:18-cv-01169-BR

OPINION AND ORDER

**BRUCE W. BREWER**
P.O. Box 421
West Linn, OR 97068
(503) 621-6633
      Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**DIANA ANDSAGER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3708

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Bobby B. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On September 24, 2013, Plaintiff protectively filed his application for DIB benefits. Tr. 13, 217.[2] Plaintiff alleged a

---

[2] Citations to the official Transcript of Record (#11) filed by the Commissioner on December 22, 2018, are referred to as "Tr."

disability onset date of April 15, 2011.  Tr. 13, 217. Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on July 22, 2016, and a supplemental hearing on December 20, 2016.  Tr. 33-83.  Plaintiff and a vocational expert (VE) testified at each hearing, and Plaintiff was represented by an attorney.  At the July 22, 2016, hearing Plaintiff amended his alleged disability onset date from April 15, 2011, to April 22, 2013.  Tr. 57.

On May 15, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 13-25.  Plaintiff requested review by the Appeals Council.  On April 27, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On July 1, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.


### BACKGROUND

Plaintiff was born on May 3, 1965.  Tr. 23, 59, 217. Plaintiff was 51 years old on December 31, 2016, his date last

3 - OPINION AND ORDER

insured. Tr. 15, 23. Plaintiff has at least a high-school education. Tr. 23, 60. Plaintiff has past relevant work experience as a tractor-trailer driver and material handler. Tr. 23, 61-62.

Plaintiff alleges disability due to chronic back pain, sciatic nerve damage to left hip and leg, and depression. Tr. 84.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-22.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

5 - OPINION AND ORDER

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§ 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since April 22, 2013, Plaintiff's alleged disability onset date.  Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of lumbar radiculopathy, lumbar stenosis, obesity, and chronic obstructive pulmonary disease (COPD)/asthma.  Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P,

appendix 1. Tr. 15-16. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can sit, stand, and walk for two hours at a time up to a total of eight hours; can occasionally balance, stoop, kneel, crouch, and crawl; cannot use his left lower extremity to operate foot controls; should avoid moderate exposure to respiratory irritants; and should not work around hazards such as unprotected heights and dangerous machinery. Tr. 16.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work. Tr. 23.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as assembler (electrical) and office helper. Tr. 24. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 24-25.


## **DISCUSSION**

Plaintiff contends the ALJ erred when she failed (1) to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony and (2) to provide clear and convincing reasons for rejecting the medical opinions of Plaintiff's examining physicians.

**I.  The ALJ did not err when she found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

**A.  Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"  *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  The claimant is not required to show that his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom."  *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of

10 - OPINION AND ORDER

malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

    B.    **Analysis**

Plaintiff testified at the hearing that he was not able to work because his low-back pain was constant, he spent most of his day lying in bed, and he had difficulty lifting his arms because his "shoulders are kind of screwed up." Tr. 64, 69, 70, 77. Plaintiff also noted in his Function Report that he has constant pain in his low back, left hip, and left leg and his pain is "all I think about." Tr. 276.

11 - OPINION AND ORDER

The ALJ noted Plaintiff's complaints, but she found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 16-17. The ALJ indicated Plaintiff had not seen a physician since 2015 despite his alleged severe pain, and the medical evidence "consistently shows [Plaintiff] exhibiting full ranges of motion in all four extremities." Tr. 17. For example, the record reflects MRI images of Plaintiff's lumbar spine in October 2012 showed "multilevel discogenic and spondylytic degenerative changes" and "increased disc degeneration." Tr. 17. The ALJ, however, pointed to a neurosurgical evaluation on April 2013 by Peter Musacchio, Nurse Practitioner, that Plaintiff did not appear to be in acute distress, that he ambulated with a normal gait, that he could rise on his heels and toes without difficulty, that he had normal sensation in the dermatones, that he did not have any point tenderness over his lumbosacral spine, and that his sciatic nerve testing was negative. Tr. 17, 327-29.

In February 2014 Plaintiff was seen by Amber Moulton, Physician's Assistant (PA), and reported a 20-year history of back pain that had allegedly worsened over the last five years.

Tr. 18-19, 374. PA Mouton, however, noted Plaintiff was not in acute distress during the examination, exhibited full ranges of motion in all four extremities, and had negative straight-leg raises bilaterally. Tr. 19.

In May 2014 Plaintiff received a consultative examination by Jonathon Harrison, M.D. Tr. 356-60. Dr. Harrison noted Plaintiff easily transferred from a chair to the examination table, removed and replaced his shoes without difficulty, ambulated with a normal gait, had normal ability to walk on his toes, and exhibited full strength. *Id.*

In September 2014 Plaintiff was seen by Curtis Hill, M.D., for a neurosurgical examination. Tr. 19, 380-81. Dr. Hill noted Plaintiff was not in acute distress, exhibited normal lordotic curve, reported pain with left straight-leg raises, and had reduced range of motion in his back. Tr. 381.

In October 2014 Plaintiff was examined by Bradley Bergquist, M.D., who indicated Plaintiff "moved about easily" and had "reasonably good" range of motion in his lumbar spine, but Plaintiff reported pain with extension and left lateral flexion. Tr. 385. After a follow-up examination in March 2015, Dr. Bergquist noted Plaintiff had full ranges of motion in his hips and had negative straight-leg raises. Tr. 386.

In August 2016 Kim Webster, M.D., performed a comprehensive musculoskeletal examination of Plaintiff. Tr. 399-403. Dr. Webster noted Plaintiff was not in any acute distress, had normal gait, could walk heel-to-toe, and had negative straight-leg raises. Tr. 401-02.

On this record the Court concludes the ALJ did not err when she discounted Plaintiff's general symptom testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ provided clear and convincing reasons for rejecting the medical opinions of Dr. Harrison; William Backlund, M.D.; and Neal Berner, M.D., examining physicians.**

Plaintiff contends the ALJ erred when she rejected the opinions of Drs. Harrison, Backlund, and Berner.

**A. Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc.*

*Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* Although the opinion of a treating physician is entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a nonexamining physician. *Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight

15 - OPINION AND ORDER

. . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d 715, 725 (9th Cir. 1998). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B. Analysis**

As noted, Dr. Harrison examined Plaintiff in May 2014. Dr. Harrison opined Plaintiff can stand and walk up to four hours and can sit up to six hours in an eight-hour workday. Tr. 360.

In June 2014 Dr. Berner, a state-agency consultant, concluded after his review of the record that Plaintiff could "stand and/or walk" for a total of four hours and could sit for a total of "about six hours" in an eight-hour workday. Tr. 90.

In October 2014 Dr. Backlund, another state-agency consultant, reached the same conclusions as Dr. Berner. Tr. 101.

In August 2016 Dr. Webster examined Plaintiff and

concluded Plaintiff could sit, stand, and walk for two hours at a time without limitations and for eight hours total in an eight-hour workday.  Tr. 399, 405.

The ALJ found Dr. Webster's opinion had "great persuasive value," and the ALJ included in his assessment of Plaintiff's RFC that Plaintiff could "sit, stand, and walk two hours at a time, up to a total of eight hours."  Tr. 16.

The ALJ gave Dr. Harrison's opinion "partial weight" on the ground that the "updated record[,] . . . which included another consultative examination report, supports a finding that [Plaintiff's] abilities to stand and walk are greater than Dr. Harrison believed them to be."  Tr. 21.  The ALJ also gave "significant, but not great, weight" to the opinions of Drs. Backlund and Berner on the ground that Dr. Webster's opinion was "persuasive evidence" that Plaintiff's ability to stand and to walk was greater than Drs. Backlund and Berner found.  Tr. 22.

Thus, the ALJ reasonably relied on Dr. Webster's opinion as a specific and legitimate reason to discount the opinions of Drs. Harrison, Berner, and Backlund.  The Ninth Circuit has held the opinion of an examining doctor that is based on his independent findings constitutes a specific and

17 - OPINION AND ORDER

legitimate reason to reject or to discount contrary evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The Ninth Circuit further held an examining doctor's "opinion alone constitutes substantial evidence" in support of an ALJ's assessment of a claimant's RFC. *Id.* The Court also notes Dr. Webster's opinion was based on information and records generated after the other doctors examined Plaintiff and his medical record and after there had been an 18-month gap in treatment.

On this record the Court concludes the ALJ did not err when she discounted the opinions of Drs. Harrison, Berner, and Backlund because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 9th day of July, 2019.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge